JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

SKYLER PEARSON
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
skyler.pearson@usdoj.gov

*Attorneys for the United States*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Grand Canyon Destinations LLC,<br><br>　　　　Debtor | Case No. 23-10399-NMC<br><br>Chapter 11<br><br>(Jointly Administered) |
| In re:<br><br>Athens, Inc.<br><br>　　　　Debtor. | Case No. 23-11659-NMC<br>Chapter 11<br><br>**UNITED STATES SMALL BUSINESS ASSOCIATION'S JOINDER TO THE U.S. TRUSTEE'S MOTIONS TO REMOVE SUBCHAPTER V DEBTOR IN POSSESSION PURSUANT TO 11 U.S.C. § 1185(a), GRANT RELIEF UNDER 11 U.S.C. § 1183(b)(2), and RESERVATION OF RIGHTS (Docket Nos. 50, 118)**<br><br>Hearing Date: July 11, 2023<br>Hearing Time: 9:30 A.M. |

　　　　The United States Small Business Administration ("SBA") hereby files its joinders to the *Motion of the U.S. Trustee to Remove Subchapter V Debtor in Possession Pursuant to 11 U.S.C. § 1185(a), Grant Relief Under 11 U.S.C. §1183(b)(2), and Reservation of Rights* ("Motions") (Docket Nos. 50, 118) in the now jointly administered bankruptcy cases of Athens Inc., and Grand

Canyon Destinations, LLC, the Chapter 11 debtors and debtors in possession herein ("Debtors").

The U.S. Trustee asserts facts and raises allegations suggesting that the Debtors and their president, Anthony Dobbs, may have misapplied and/or misused loan proceeds from two SBA Economic Injury Disaster Loans ("EIDL" or "disaster loan") authorized under Section 7(b) of the Small Business Act. Specifically, a borrower must use its disaster loan proceeds solely in accordance with the Use of Loan Proceeds section of the Loan Authorization and Agreement. Mr. Dobbs, as the Owner/Officer of Grand Canyon Destinations, LLC, executed a Loan Authorization and Agreement dated May 31, 2020, to which Grand Canyon Destinations agreed to be bound by the terms and conditions therein and the Uses of Loan Proceeds. Furthermore, Mr. Dobbs, as the Owner/Officer of Athens, Inc., executed a Loan Authorization and Agreement dated June 17, 2020, to which Athens, Inc. agreed to be bound by the terms and conditions therein and the Uses of Loan Proceeds. The Uses of Loan Proceeds provide:

> Borrower will use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter and to pay Uniform Commercial Code (UCC) lien filing fees and a third-party UCC handling charge of $100 which will be deducted from the Loan amount stated above.

Despite the foregoing, and in an apparent breach of the EIDL terms, evidence presented in these now jointly administered bankruptcy cases suggest that Mr. Dobbs caused the Debtors' EIDL proceeds to be transferred to another entity - New Charters Nevada - and not for the actual borrower - the Debtors, or used as working capital, in violation of the terms of the Loan Authorization and Agreement.

Misapplication of loan proceeds is a violation of the Federal Regulations and the terms of the Debtors' disaster loans. Whoever wrongfully misapplies the proceeds of a disaster loan authorized under Section 7(b) will be liable to SBA for one and one-half times the proceeds disbursed to the borrower as of the date SBA learns of its wrongful misapplication. Wrongful misapplication means the willful use of any disaster loan proceeds

2

without SBA approval contrary to the Loan Authorization. If a borrower fails to use disaster loan proceeds for authorized purposes for 60 days or more after receiving a loan disbursement check, such non-use also is considered a wrongful misapplication of the proceeds. 13 C.F.R. § 123.9(a); 15 U.S.C. § 636(b).

Therefore, according to proof, SBA may find Grand Canyon Destinations, LLC and Mr. Dobbs liable to SBA for one and one-half times the proceeds disbursed to the Debtor, in the total amount of $3,000,000.00 (calculated as $2,000,000.00 principal disbursed X 1.5 = $3,000,000.00). That administrative penalty would constitute an additional claim against the Debtor's bankruptcy estate.

Furthermore, according to proof, SBA may find Athens, Inc. and Mr. Dobbs liable to SBA for one and on-half times the proceeds disbursed to the Debtor, in the total amount of $1,887,450.00 (calculated as $1,258,300.00 principal disbursed X 1.5 = $1,887,450.00). That administrative penalty would constitute an additional claim against the Debtor's bankruptcy estate.

Further, the misapplication at issue are transfers to New Charters Nevada, an entity in which Mr. Dobbs owns an interest. Therefore, it appears that the transfers of EIDL proceeds away from the Debtors were for the benefit of the Mr. Dobbs personally and constituted a breach of the fiduciary duty that Mr. Dobbs owed to the Debtors and their creditors, including the SBA, as the Debtors did not receive reasonably equivalent value in exchange for said transfers.

Accordingly, SBA joins with the U.S. Trustee that cause exists to remove the Debtor as debtor in possession under 11 U.S.C. § 1185.

Respectfully submitted this 27th day of June 2023.

JASON M. FRIERSON
United States Attorney

*/s/ Skyler H. Pearson*
SKYLER H. PEARSON
Assistant United States Attorney